IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY CRAIG ROBERTSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-05-2190 |
| | § | |
| SUSAN JOHNSON, MICHAEL T. | § | |
| SHELBY, SCOTT SHIELDES, and | § | |
| PAULA ROBERTSON | § | |
| | § | |
| Defendants. | § | |

ORDER

Pending before the Court is an Amended Motion to Dismiss or Alternatively for Summary Judgment (Instrument No. 25) filed by Defendants Susan Johnson, Michael T. Shelby and Scott Shieldes.  Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

BACKGROUND

Plaintiff Jeffrey Craig Robertson ("Robertson"), who proceeds *pro se*, brings this action against Defendants Susan Johnson ("Johnson"), Michael T. Shelby ("Shelby") and Scott Shieldes ("Shieldes") (collectively, the "Federal Defendants") alleging a host of claims in connection with an investigation into Robertson's federal income taxes in 2005.  Specifically, Robertson alleges Johnson, an agent with the Internal Revenue Service ("IRS"), violated various state and federal statutes when she issued and served

documents on Robertson, failed to respond to his requests for disclosure, and sought information from Robertson's mother.  Robertson also asserts Johnson conspired with Shelby and Shieldes in violation of his constitutional rights.[1]  Also named in the action is Robertson's ex-wife, Paula Robertson, whom he alleges conspired with Johnson in order to receive both a financial incentive and legal leverage in the couple's divorce proceedings.[2]  On January 19, 2006, the Federal Defendants filed the instant motion to dismiss arguing, *inter alia*, that they are protected from suit by the doctrine of sovereign immunity.  Robertson's response was due February 8, 2006, but he failed to respond to the motion.

## STANDARD OF REVIEW

The Federal Defendants moved to dismiss Robertson's action pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing the Court lacks subject matter jurisdiction over the dispute.  Additionally, they contend Robertson has failed to state a claim upon which relief may be granted, and therefore dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6).  Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter

---

[1]Robertson avers that in violating his federal rights, attorneys Shieldes and Shelby also violated their oaths of office and canons of ethics.

[2]Paula Robertson is not included in Federal Defendants' motion.

jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1).  Lack of subject matter jurisdiction may be found in: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the courts resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).  The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  *Thomas v. Gaskill*, 315 U.S. 442, 446 (1942); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, *Cloud v. United States*, 536 U.S. 960 (2002).  Accordingly, Robertson must prove that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

Additionally, when a 12(b)(1) motion is filed with other motions, the court should address the Rule 12(b)(1) jurisdictional issue before addressing an attack on the merits. *Ramming*, 281 F.3d at 161; *Silver Star Enters., Inc. v. M/V Saramacca*, 19 F.3d 1008, 1013, n.6 (5th Cir. 1994) (declaring that jurisdictional challenges must be addressed upon suggestion); *Hitt v. City of Pasedena*, 561 F.2d 606, 608 (5th Cir. 1977).  Addressing the 12(b)(1) issue prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Ramming*, 281 F.3d at 161.  Thus, in the case at bar, the Court will consider its subject matter jurisdiction before determining whether Robertson has properly stated a claim according to Rule 12(b)(6).

When reviewing a Rule 12(b)(6) motion to dismiss, the court must view the complaint in the light most favorable to the plaintiff and accept all facts in the complaint as true. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In addition, a district court must limit itself to the contents of the pleadings, including attachments thereto, to determine whether a claim has been stated. *Id.* The district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Collins*, 224 F.3d at 498 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead specific facts, not merely conclusory allegations. *Id.* "[A] court must read Plaintiff's pro se allegations liberally, holding them to a less stringent standard than those drafted by attorneys." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "the Court need not accept legal conclusions . . . ." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)); *see also Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971) (stating the court is "required to accept only well-pleaded facts as true, not the legal conclusions that may be alleged").

4

<u>LAW & ANALYSIS</u>

The Federal Defendants assert the Court is without jurisdiction to hear Robertson's claims because they are protected from such suits by sovereign and prosecutorial immunity. Robertson failed to respond to the Federal Defendants' motion to dismiss. Generally, failure to respond is taken as a representation of no opposition. *See* S.D. TEX. LOCAL R. 7.4. Nevertheless, the Court will examine Federal Defendants' immunity arguments to determine if it has subject matter jurisdiction over Robertson's claims.

A.      Sovereign Immunity

Johnson, an IRS agent, avers the doctrine of sovereign immunity applies to bar Robertson's claims against her. Sovereign immunity prohibits an action against the federal government unless it consents and allows a party to bring the cause of action. *United States v. Shaw*, 309 U.S. 495, 500-01 (1940); *United States v. Nordic Village*, 503 U.S. 30, 34 (1992). Absent any consent or waiver to be sued by the United States, dismissal of the action is proper because the court lacks jurisdiction to hear the case. *See Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949); *see also Stout v. United States*, 229F.2d 918, 919 (2d Cir. 1956). Moreover, sovereign immunity protects officers and agencies of the United States. *Swift v. United States Border Patrol*, 578, F. Supp. 35, 37 (S.D.Tex. 1983).

5

Robertson names Johnson as a defendant in her individual capacity.  However, Johnson challenges Robertson's claim, arguing she acted in her official capacity as an IRS agent when she investigated his tax liability, and therefore she is shielded by the doctrine of sovereign immunity.  The Court notes that sovereign immunity cannot be avoided by merely naming the officers and employees of the United States as defendants.  *See Larson*, 337 U.S. at 687.  In determining whether officers and employees of the United States are being sued in their individual or official capacity, a court must look at whether a ruling for the plaintiff will call upon the sovereign to take part in the remedy. *Id*. at 687-88.

In the instant action, Robertson states he seeks relief from Johnson in her individual capacity.  However, the actions upon which he apparently complains appear to be based on Johnson's duties in her official capacity as an IRS agent.  Consequently, it appears he attempts to avoid the bar of sovereign immunity.  Additionally, Robertson seeks damages and injunctive relief against the Federal Defendants, including Johnson.  If he is granted injunctive relief, the United States would be enjoined from assessing his tax liability while Robertson's suit proceeds in this Court.  Therefore, the Court concludes that because the United States would have to take action should Robertson's claims continue, Johnson is correct in her assertion that Robertson's action is against her in her official capacity. *Id.*  Furthermore, where

6

the relief sought ostensibly relates to the legality of the federal income taxes, the action is one against the United States itself. *Purk v. U.S.*, 747 F. Supp. 1243, 1247.   As an IRS agent acting in her official capacity, Johnson is shielded by sovereign immunity because Robertson's suit is viewed as one against the United States. *See Larson*, 337 U.S. at 688.   Nevertheless, the Court will examine whether the United States has waived its sovereign immunity in this case.

Robertson alleges the Federal Defendants committed several torts against him, including fraud, in their investigation of his taxes.   He ostensibly avers that the United States has waived its sovereign immunity through the Federal Tort Claims Act ("FTCA").   *See* 28 U.S.C. § § 1345(b), 2671-80.   In response, Johnson argues the United States has not waived its immunity for any of the torts alleged.

Generally, the FTCA cannot serve as a basis for jurisdiction for plaintiffs if they have not shown or alleged that they first filed the proper administrative claim with the IRS as required by 28 U.S.C. § 2675(a).   Here, Robertson has failed to allege that he filed a proper administrative claim, and there is no evidence before the Court of such an administrative claim being filed.   *See id.*; *see also Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir. 1978).   Additionally, provisions of the FTCA explicitly exclude both claims based on the performance of a discretionary function of a government officer and claims arising out of the assessment and collection of any tax.   *See* 28 U.S.C. §§

7

2680(a), (c) (2000).  As such, the Court concludes Johnson's actions are excluded from the FTCA, which does not waive her entitlement to sovereign immunity.  *See Capozzoli v Tracey*, 663 F.2d 654, 657 (5th Cir. 1981).  Thus, the Court lacks subject matter jurisdiction over the claims against Johnson, and her motion to dismiss Robertson's claims is granted.

B.     Prosecutorial Immunity

Shieldes and Shelby argue they are immune from Robertson's suit because their only involvement in the investigation into his taxes was in a prosecutorial capacity. The United States Supreme Court has held that prosecutors are absolutely immune from damages claims arising out of their prosecutorial activities.  *Imbler v. Pachtman*, 424 U.S. 409 (1976).  In doing so, the Court reasoned that the need for absolute immunity arose from the "concern that harassment by unfounded litigation would cause deflection of the prosecutor's energies from his public duties."  *Id*. at 423.  The Court's decision to give prosecutors immunity was based on its recognition of  the possibility that a prosecutor may shade his decisions instead of exercising the independence of judgment required by public trust.  *Id.*

In the case at bar, Shieldes and Shelby allegedly improperly threatened to bring an action against Robertson if he did not cooperate with their investigation into his tax liability.  Shelby, the former United States Attorney for the Southern District of Texas,

8

and Shieldes, an assistant United States attorney, assert they acted as prosecutors representing the United States in actions stemming from federal income tax investigations. The Court concludes that both Shieldes and Shelby acted as prosecutors in Robertson's case, and therefore are entitled to prosecutorial immunity. *See Green v. State Bar of Texas*, 27 F.3d 1083, 1088 (5th Cir. 1994). Accordingly, their motion to dismiss is granted.[3]

## CONCLUSION

Given the foregoing, the Court hereby

ORDERS that Defendants Johnson, Shieldes and Shelby's Amended Motion to Dismiss or Alternatively for Summary Judgment (Instrument No. 25) is GRANTED. All causes of action by Plaintiff Jeffrey Craig Robertson against Johnson, Shieldes and Shelby are dismissed.

SIGNED at Houston, Texas, on this 25th day of April, 2006.

_David Hittner_

DAVID HITTNER

United States District Judge

---

[3]Because the Federal Defendants are entitled to immunity and the Court lacks subject matter jurisdiction to hear Robertson's claims, the Court declines to address whether the Federal Defendants are entitled to dismissal under Rule 12(b)(6).